IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES MIKKELSON, | § | |
| TDCJ-CID NO.633578, | § | |
|     Plaintiff, | § | |
| v. | § | Civil Action No. H-06-2509 |
| | § | |
| DR. ADAMS, *et al.*, | § | |
|     Defendants. | § | |

OPINION ON DISMISSAL

On July 20, 2006, plaintiff, a *pro se* inmate confined in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), filed a "Motion for Rule 65 F.R.C.P. Emergency Preliminary Injunction," in which he indicated his intent to file a civil rights suit pursuant to 42 U.S.C. § 1983. (Docket Entry No.1). Plaintiff complained that defendants had discontinued or changed his pain medication and other medical treatment. (*Id*.). He also indicated that he had not exhausted his administrative remedies and had only recently filed a Step 2 grievance. (*Id.*). On September 26, 2006, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, complaining that Nathaniel Quarterman had denied him adequate medical care to manage his chronic pain. He claims that he has now exhausted his administrative remedies. (Docket Entry No.5). Plaintiff also filed an application to proceed *in forma pauperis*. (Docket Entry No.6).

Plaintiff's motion to proceed *in forma pauperis* (Docket Entry No.6) is GRANTED. For the reasons to follow, the Court will dismiss plaintiff's civil rights complaint and his motion for a preliminary injunction.

I. Background

Plaintiff indicates that since 1999, he has sought treatment from medical personnel at TDCJ-CID for lower back, hip, and knee pain and for leg numbness. (Docket Entry No.5). Plaintiff

complains that their response to his complaints has been to give him an aspirin substitute. When he complains of the inadequacy of the medication, they refuse further treatment or threaten disciplinary action. Plaintiff claims after he files grievances complaining of the same, he is seen by a physician, who prescribes an ambulatory aid, stronger pain medication, and a bottom bunk, bottom row pass. Thereafter, the physician's assistant fills the physician's orders for ninety days. After a year or so later, someone takes away the cane and pain medication and plaintiff must go through the process once again to receive treatment for the pain. (*Id.*).

Plaintiff requests this Court to order TDCJ-CID to provide curative treatment for the conditions causing his pain or a meaningful and comprehensive pain relief regimen. (*Id.*). He also seeks compensatory damages. (*Id.*).

II. Discussion

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

"A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

A. Nathaniel Quarterman

Although plaintiff claims that TDCJ-CID Director Nathaniel Quarterman has failed to provide reasonable health care to him, plaintiff states no facts indicating that Quarterman has any personal involvement in plaintiff's health care; nor does plaintiff allege any facts indicating there is a causal connection between an official act or policy by Quarterman and the constitutional violation sought to be redressed. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Plaintiff's claim against defendant Quarterman clearly lacks an arguable basis in law and is frivolous.

B. Medical Providers

To maintain a civil rights action under 42 U.S.C. § 1983, plaintiff must show that he has been deprived of a federally protected right by a person acting "under color of state law." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988). "A plaintiff may not, however, plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific

facts which, if proven, would warrant the relief sought." *Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir. 1989). In this case, plaintiff's pleadings fail to state a claim pursuant to § 1983. Plaintiff does not name the person or persons who allegedly denied him a cane, a bunk pass, and effective pain medication. Based on this record, the Court finds that plaintiff has failed to state a claim upon which relief may be granted.

III. Injunctive Relief

Plaintiff also fails to show his entitlement to a preliminary injunction. (Docket Entry No.4). Under the federal rules, no preliminary injunction may be issued unless the adverse party has notice. FED. R. CIV. P. 65(a)(1); *Parker v. Ryan*, 960 F.2d 543, 544 (5th Cir. 1992). To obtain a preliminary injunction, a plaintiff must establish the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury absent the injunction; (3) that the threatened injury to the plaintiff outweighs any harm the injunction might cause the defendants; and (4) that the injunction does not disserve public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000); *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials," is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). A preliminary injunction should not be granted unless the movant, by a clear showing, carries the burden of persuasion on all of the prerequisites. *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994).

Plaintiff has not satisfied the first requirement because difficult questions of law create sufficient doubt regarding the probability of his success on the merits. Nor has plaintiff met the second requirement of demonstrating that he faces a substantial risk of irreparable injury if the

injunction is not granted. Plaintiff has not clearly carried his burden of persuasion, and therefore his motion injunctive relief is DENIED, at this time, without prejudice.

IV. Conclusion

Based on the foregoing, the Court enters the following ORDERS:

1. Plaintiff's application to proceed *in forma pauperis* (Docket Entry No.6) is GRANTED.

2. The Texas Department of Criminal Justice-Correctional Institutional Division will deduct twenty per cent (20%) of each deposit made to the plaintiff's inmate trust fund account and pay this to the Court on a regular basis, provided the account exceeds $10, until the filing fee of $350.00 is paid.

3. Plaintiff's complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

4. Plaintiff's motion for a preliminary injunction (Docket Entry No.4) is DENIED.

5. All pending motions, if any, are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas this 5th day of December, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE